UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JOSEPH,

     Plaintiff,

v.                                    Case No. 2:26-cv-581-KCD-NPM

JUDGE LISA PORTER, *et al.*,

     Defendants.

_____/

## **ORDER**

Plaintiff Kevin Jospeh, a Florida prisoner currently held at the Charlotte County Jail, initiated this action by filing a civil rights complaint (Doc. 1) and a motion to proceed *in forma pauperis*. (Doc. 2.) In his complaint, Joseph appears to allege that on May 17, 2024, he was assaulted by five officers during a cell extraction while imprisoned with the Florida Department of Corrections. (Doc. 1 at 8.) He also appears to allege that Judge Porter is calling his "sanity" into question in his current criminal proceedings. (*Id.* at 9.) As defendants, he names Judge Porter, his public defender, Brian Concilio, the prosecutor, Christopher Stone, and ten prison officers. (*Id.* at 2–5.)

### **I. Discussion**

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as

independent or alternative claims, as many claims as it has against an opposing party." "But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act ['PLRA'] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Joseph's complaint does not raise multiple claims against a single party. Rather, it appears to raise two unrelated claims (assault by officers in 2024 and subsequent judicial actions by a state court judge in a criminal proceeding against Joseph) that are factually and legally distinct. Joseph may not

2

circumvent the PLRA's[1] objective of deterring frivolous prisoner complaints by presenting multiple unrelated claims against multiple defendants in a single action.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED**. The dismissal is without prejudice to Joseph filing a new complaint—in a new case with a new case number—that does not improperly join parties and unrelated claims in a single cause of action.

2. The Clerk is **DIRECTED** to terminate any pending motions as moot, close this case, enter judgment accordingly, and mail a court-approved form for filing a civil rights complaint and an Affidavit of Indigency form to Joseph with his copy of this Order.

**ENTERED** in Fort Myers, Florida, on May 15, 2026.

Kyle C. Dudek
United States District Judge

---

[1] The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g).